## SEITZ v. STATE. (1 Div. 552.)

(Court of Appeals of Alabama. Dec. 18, 1923.)

1. Criminal law ⚌1008—Office of writ of error stated.

The office of a writ of error, under Code 1907, § 6258, is to secure by the appellate court a revision of the record only, and the writ can only be granted on some error of law apparent on the transcript of record.

2. Criminal law ⚌1134(7)—Bill of exceptions not considered on application for writ of error.

A bill of exceptions accompanying application for writ of error will not be considered, the case not having been brought to the appellate court on appeal.

Appeal from Circuit Court, Baldwin County; John D. Leigh, Judge.

Adolph Seitz was convicted of violating the prohibition law, and applies for writ of error. Application denied, and judgment affirmed.

John Stelk, of Oak, for appellant.

Counsel argue for error on the record, but without citation of authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

A writ of error may only be granted on questions of law apparent on the record. The proceeding being regular, the writ must be denied. Code 1907, § 6258.

BRICKEN, P. J. It appears from the papers before us that this defendant was indicted, tried, and convicted for unlawfully possessing a still to be used for the purpose of manufacturing prohibited liquors or beverages. The indictment was returned by the grand jury of Baldwin county at the spring term, 1923, of the circuit court, and was duly filed in open court on May 17, 1923. The trial was had on June 4, 1923, and, following the conviction of the defendant on that date, he was on June 8, 1923, sentenced to

serve an indeterminate term of imprisonment of not less than one year and one day, nor more than one year and two days in the penitentiary. From this judgment of conviction the defendant took an appeal to this court, but on June 18, 1923, appeared in open court in person and by attorney and withdrew the appeal. The proceedings before us appear to be in the nature of an application to this court for writ of error.

[1] We pretermit the question of the regularity of the proceedings here presented. They clearly show an earnest effort upon the part of defendant's counsel to secure relief for his client. The offices of a writ of error under the statute now made and provided is to secure by this court a revision of the record only and such writ can only be granted on some error of law apparent on the transcript of the record. Code 1907, § 6258. After a careful examination of the record in this case, we are convinced that no error is apparent thereon. To the contrary, it appears to be regular in all things. The record proper shows the organization of the court, an indictment in due and regular form and properly authenticated, a verdict of guilty by the jury, and a correct judgment of the court in conformity with the finding of the jury. This of necessity precludes the possibility of granting the relief prayed for, and the application must be denied.

[2] The bill of exceptions accompanying the application for writ of error cannot be considered, this cause not being brought here by appeal. In this connection, however, we quote from the brief of the Attorney General the following excerpt, which appears to be correctly stated:

"While, as above indicated, the case is not in this court by appeal, and the bill of exceptions cannot be considered in this proceeding, we have read the bill of exceptions, and do not see how counsel could have possibly avoided an affirmance of the cause, in the event the appeal had been permitted to stand, instead of being withdrawn for the purpose of filing a petition for writ of error."

Application denied.
Affirmed.