## CHARLESTON.

JOHN TODOROBAK, *Infant, etc.*, v. H. M. MCSURLEY *et al.*, *Partners, etc.*

(No. 6329)

Submitted May 7, 1929.     Decided May 14, 1929.

*Brown, Jackson & Knight* and *Thomas B. Jackson,* for plaintiffs in error.

*H. E. Dillon, Jr.,* and *T. A. Myles,* for defendant in error.

LITZ, JUDGE:

The defendants, H. M. McSurley and O. M. Warden, partners, trading under the firm name of Liberty Cut Rate Market, complain of a judgment of the circuit court of Fayette county against them in favor of the plaintiff, John Tordorobak (an infant, who sues by his father and next friend, Joe Todorobak), for $500.00, upon their demurrer to the evidence in this action of trespass on the case, for personal injury.

The defendants conduct a meat market at Montgomery, in said county. The evidence, tending to support the judgment,

shows: On the 29th day of August, 1927, in the village of North Page, Fayette county, the plaintiff, four years of age, and Melvin Brenovich, eleven years old, boarded a motor truck (operated by defendants for delivery of meats from their place of business to customers in surrounding territory), in the presence of the driver, close to the home of Melvin, who, before getting on, asked his mother if he could go a "little piece" with the driver, Manvell McSurley. Theretofore, the truck, in its usual course, after passing the Brenovich home, had traveled the main road for about one hundred and twenty-five yards, and, turning therefrom, proceeded by circuitous route, through North Page, back to the point of departure, thence to the town of Page, about two miles away. On this occasion, however, about the time it reached the North Page road, the driver announced to the boys, who were riding on the right running board, that he was going to "fool" them by going direct to Page; whereupon, Melvin Brenovich jumped from the truck, and the plaintiff in attempting to do so, fell off, the rear wheel passing over and breaking his leg. The truck continued its course toward Page, without stopping, after the accident. The driver says he did not know the boys were riding or hear of the injury to the plaintiff until his return from Page, an hour or two later.

It is conceded that the driver did not have actual or ostensible authority from his employers to permit children to ride the truck, and the defendants further contend that the evidence does not warrant the application of the doctrine of *respondent superior* on the ground of wanton, wilful or reckless negligence of the servant in operating the machine, as is required by the ruling in *Christie* v. *Mitchell*, 93 W. Va. 200, to fix liability on the master in such case.

In view of the evidence tending to prove that the driver knew the children were on the truck, expecting to be let off before it started to Page, and the probability that they would attempt to get off when told it was not going to stop; and considering also the extreme youth of the plaintiff; the trial court was justified in finding, from all the evidence, that the conduct of the driver constituted wilful, wanton and reckless negligence, resulting in the injury complained of. The situa-

tion would not be different in principle had the driver induced the action of the children by the use of threats or physical force. "To constitute 'wanton negligence,' it is not necessary that there should be ill will toward the person injured; but an entire absence of care for the safety of others, which exhibits its indifference to consequences, establishes legal wantonness. Such a mental attitude distinguishes wrongs caused by wanton negligence from torts arising from mere negligence." *Higbee Company* v. *Jackson*, 128 N. E. (Ohio), 61, 34 A. L. R. 131, cited with approval·in *Christie* v. *Mitchell*, *supra*.

The judgment of the circuit court is affirmed.

*Affirmed.*