# CHARLESTON.

EVELYN M. COLLAR, *Administratrix, etc.,* v. JAMES E. MCMULLIN *et als.*

(No. 6563)

Submitted October 2, 1929. Decided October 8, 1929.

*Sanders, Crockett, Fox & Sanders,* for plaintiff in error.
*Richardson & Kemper,* for Bluefield Grocery Co.
*H. F. Porterfield* and *Russell S. Ritz,* for R. Lacy Croy.

MAXWELL, JUDGE:

This case was before this Court upon the issue between the plaintiff in error and the defendant, James E. McMullin, 107

W. Va. 440, 148 S. E. 496. The facts therein fully set out may be briefly recapitulated. The suit was an outcome of an automobile accident which occurred June 18, 1928, at a right angle intersection of streets on the outskirts of the city of Bluefield. As a result plaintiff's intestate, Roland H. Collar, suffered injuries from which he died. Collar was riding with James E. McMullin, secretary-treasurer of the Bluefield Grocery Company, in a car belonging to the Grocery Company when the collision occurred with a car owned and driven by R. Lacy Croy. Evelyn M. Collar, administratrix of the estate of Roland H. Collar, sued McMullin, the Grocery Company and Croy jointly for the alleged wrongful death of her husband. The trial court directed a verdict in favor of the Grocery Company but allowed the case to go to the jury as to Croy and McMullin. The jury returned a verdict in favor of plaintiff against McMullin in the sum of $8,000.00 and exonerated the Grocery Company and Croy.

McMullin applied for and was awarded a writ of error by this Court directed to plaintiff, the Grocery Company and Croy, but said writ was not served on the last two named. They, therefore, have not been before this Court. On the former review, this Court found error as between plaintiff and McMullin and reversed and remanded the case. The present writ sued out by Evelyn Collar seeks to review the judgment of the trial court as between her and defendants, Bluefield Grocery Company and R. Lacy Croy.

There is a motion by Croy to dismiss the writ of error because the plaintiff in error took no bills of exceptions. It is urged that upon appellate proceedings a complaining party must rely upon his own bills of exceptions and cannot rely upon the record or points of error that have been preserved only by bills of exceptions of another party to the action; that such is the import of section 9, chapter 131, Code, which provides that "a party must except to any action or opinion of the court and tender a bill of exceptions." What is the purpose of a bill of exceptions? Its purpose as stated long ago by this Court "is to spread upon the record and preserve the facts of the case, that the party excepting may have them, and the court's action upon them, reviewed in the appellate

court." *Seibright* v. *State*, 2 W. Va. 591, 593. Again it is stated: "The purpose of a bill of exceptions is to exhibit on the record the supposed mistakes of the trial court which do not appear on the record and could not otherwise be brought before the appellate court for review and correction if erroneous." *Milling Co.* v. *Milling Co.*, 78 W. Va. 314. To require a separate bill off exceptions to be filed by plaintiff in error would be a vain and useless thing, expensive and vexatious. The purpose of the law has been fulfilled. The whole matter is before the reviewing court. Why duplicate the record on the assignments of error? "We must not be so technical here as to defeat justice." *Gunn* v. *Ohio River Railroad Company*, 37 W. Va. 421. There the evidence presented in one bill of exceptions was allowed to be incorporated by reference in another bill of exceptions at a subsequent and different trial. Therefore, the request of plaintiff in error that the record in this case be made up and presented to the court on the former writ of error be taken and treated as the record for purposes of the present writ of error is properly grounded and must be sustained.

Now as to instruction No. 2, given on behalf of defendant Croy and objected and excepted to at the time by both McMullin and the plaintiff. We held on the former review that this instruction was erroneous and that the giving of the same to the jury was prejudicial to McMullin. By the same token it is prejudicial to plaintiff in error. (See former opinion.) This alone is sufficient for reversal as to Croy.

The Bluefield Grocery Company interposes a more formidable defense. It will be remembered that on the trial, the court directed a verdict for the Grocery Company. This is assigned as error, the position being taken that the case should have gone to the jury as to the Grocery Company. It is urged that McMullin was acting within the scope of his actual or obtensible authority when the accident occurred. The evidence shows no express authority in McMullin to carry plaintiff's decedent or to carry passengers generally. Was there ostensible or implied authority? That must be determined in the light of the fixed law on the subject. In the case of *Christie, Adm'r.* v. *Mitchell*, 93 W. Va. 200, it is held that

"a master is not liable for personal injuries sustained by one invited by his servant to ride on his truck without actual or ostensible authority to do so, when not acting within the scope of his duties." JUDGE LITZ, speaking for the Court, in *Hammond* v. *Coal Co.*, 105 W. Va. 423, in defining the limits of the Christie case says: "The master is chargeable with liability for unauthorized .acts of his servant, if he has actual notice of such acts or they have been committed so frequently and under such circumstances as to justify the presumption of notice." The evidence does not disclose any such line of conduct on the part of McMullin as is contemplated by this rule. It does not show that he was notoriously given to this practice. Nor is there any evidence that officers of the company had notice of his ever having carried passengers in the automobile.

The plaintiff carried the burden of proof and having failed to show that McMullin had express authority from the Grocery Company to carry passengers when on his employer's business, or to carry plaintiff's decedent on the particular trip, or that he had been carrying passengers with the company's knowledge though without its consent, or that the course of conduct of the agent had been such as to raise the presumption that the company knew he was carrying passengers, there was therefore insufficient evidence to sustain a verdict against the defendant company and the court committed no error in directing a verdict in its favor.

At the trial the plaintiff excepted to the action of the court in refusing her instructions Nos. 1, 2, 3, 4, 7 and 8. These instructions, which were refused, as well as all instructions which were given, are set out in full in McMullin's bill of exceptions No. 1. On the presentation of the case before this Court on the present review, counsel for the plaintiff in error seem to waive their position as to all of said refused instructions except Nos. 1, 2 and 3. They are insisted upon. We shall not quote instruction No. 2 because it refers to the alleged liability of the Bluefield Grocery Company, and we have already disposed of that matter. Instruction No. 1 would have told the jury, in substance, that it might find against either McMullin or Croy if the jury believes from all

the evidence and circumstances in the case that either defendant separately proximately caused the injury to plaintiff's decedent. Instruction No. 3 would have told the jury that they might find against both McMullin and Croy if the jury believed from all the evidence and circumstances that each failed to exercise reasonable care and that such failure proximately caused or contributed to the injury of plaintiff's decedent. In our opinion these instructions correctly state the law, but there was no prejudicial error in their refusal because they are substantially covered by instructions Nos. 1, 2 and 3 prepared and given by the court.

For the foregoing reasons the judgment as to the Bluefield Grocery Company is affirmed, but the judgment in favor of Croy is reversed, the verdict set aside, and a new trial awarded as to him.

*Affirmed in part; reversed in part.*