## WILSON, Administrator *v.* DAILEY

[No. 18, October Term, 1948.]

474

*Decided November 11, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

Submitted on brief by *Edward J. Ryan, William L. Wilson, Jr.,* and *Wagaman & Wagaman* for the appellant.

*W. Earle Cobey,* with whom were *H. P. Whitworth, Sr., H. P. Whitworth, Jr., Lane, Bushong & Byron* and *C. William Gilchrist* on the brief, for the appellee.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from a judgment for defendant on a directed verdict in a suit under the West Virginia Lord Campbell's Act.   West Virginia Code (1943), Sections 5474, 5475.

On September 26, 1945 defendant, who for eighteen years has conducted a trucking business at Westernport, employed one Broadwater, who had previously driven for him for eight years until March, 1944, to drive one of his trucks from Westernport to Hancock to get a load of tomatoes. Broadwater was to go by way of Cumberland and Berkeley Springs.

Deceased lived at Keyser, West Virginia, and left his home there between 3:15 and 3:30 P. M. on September 26, 1945. The uncontradicted testimony of defendant, called by plaintiff, is that: he gave Broadwater instructions not to carry any riders, and to take his time and come back on time, gave him his expense money, and did not authorize him to employ anybody to assist him in any way; in the garage where Broadwater got the truck, and also in the office, where they had their conversation between 11:15 and 11:30 A. M., there were and had been for eight or ten years, when Broadwater worked for him before, notices to drivers, conspicuously posted, that "any driver carrying riders other than helpers will be immediately dismissed from duty."

The same day, between 5:30 and 6 P. M., in West Virginia, about twenty-one miles west of Berkeley Springs, the truck, while going east, overturned, once or more, and deceased was crushed under the truck and killed. Broadwater also was injured and some days later died as the result of his injuries.

There was testimony, offered or proffered, that: a mile or a mile and a half before the accident the truck was going 45 or 50 miles an hour; the road marks indicated that it went off the macadam on the berm or edge of the shoulder for 150 or 200 or 300 feet, then came back, "took to the left side", turned over (once or two or three times) and skidded and came to a stop upside down.

Testimony was proffered, but excluded as inadmissible, that: on the afternoon of the accident, between two o'clock and half past, Broadwater, in Keyser, asked decedent's nephew to go along with him and help him get this load of tomatoes, the nephew said he could not go,

and then and there Broadwater asked decedent to go along with him to help him get this load of tomatoes. We agree with the lower court that this testimony was inadmissible and was not a declaration by Broadwater in the regular course of business. On the contrary, the subject matter of the alleged declaration apparently was outside the scope, and contrary to the terms, of Broadwater's employment.

There is, therefore, no evidence that at the time of the accident decedent had any right to be on defendant's truck. *Cf. East Coast Freight Lines v. Baltimore,* 190 Md. 256, 58 A. 2d 290.

As the accident and death occurred in West Virginia, defendant's liability, if any, is based upon the laws of West Virginia. *Western Union Telegraph Co. v. Brown,* 234 U. S. 542, 34 S. Ct. 955, 58 L. Ed. 1457. Plaintiff set out in the declaration and also offered in evidence the West Virginia Lord Campbell's Act, *supra,* but did not give defendant other notice of intention to offer evidence, or ask judicial notice, of West Virginia law. Uniform Judicial Notice of Foreign Law Act, Code, Art. 35, sec. 59; *Prudential Ins. Co. v. Shumaker,* 178 Md. 189, 197, 198, 12 A. 2d 618. Defendant, however, before the trial gave plaintiff formal notice of such intention. We think plaintiff was entitled to act upon this notice, without duplicating it, and the court was required to act upon it as a request to take judicial notice of West Virginia law. *Cf. Staley v. Safe Deposit & Trust Co.,* 189 Md. 447, 459, 56 A. 2d 144, 147.

In *Christie v. Mitchell,* 93 W. Va. 200, 204, 116 S. E. 715, 717, the Supreme Court of West Virginia stated and applied the following rule: "The general rule, according to the great weight of authority, including our own decisions, is that a master is not liable for personal injuries sustained by one invited to ride on a vehicle by his servant in charge of it without actual or ostensible authority to do so, and where not acting within the scope of his duties." *Cf. Restatement, Agency,* § 242. In the case just quoted the court also announced the

following exception (not recognized in the *Restatement*) to the general rule: "Notwithstanding the general rule laid down and applied in the authorities just cited, it is settled by the weight of judicial decisions that, if after the unauthorized act of the servant and the violation of his duty to his master, and when acting in the general scope of his authority, he becomes guilty of wanton, wilful or reckless negligence in the operation of the machine or vehicle in his charge and injuries result therefrom to his invitee or licensee, the master is liable therefor, such operation being regarded as done within the general scope of his authority." In *Todorbak v. McSurley*, 107 W. Va. 372, 148 S. E. 323, the court applied this exception in holding the employer liable for the misconduct of a truck driver who permitted a four-year-old child to ride on the truck and then frightened the child into attempting to jump off, whereby the child fell and broke his leg. In *Stone v. Rudolph*, 1944, 127 W. Va. 335, 345, 346, 32 S. E. 2d 742, 748, the court applied the general rule and discussed the exception, remarking that, "strictly speaking, there can be no such thing as wilful negligence" and what is meant by wanton and wilful negligence is wanton and wilful misconduct, and quoting definitions of "wanton negligence", as "Reckless indifference to the consequences of an act or omission, where the party acting or failing to act is conscious of his conduct and, without any actual intent to injure, is aware, from his knowledge of existing circumstances and conditions, that his conduct will inevitably or probably result in injury to another", and "wilful negligence" as implying "an act intentionally done in disregard of another's rights, or omission to do something to protect the rights of another after having had such notice of these rights as would put a prudent man on his guard to use ordinary care to avoid injury."

In the instant case plaintiff contends that there is evidence legally sufficient to show "wanton, wilful or reckless negligence" within the West Virginia decisions. Defendant contends that there is no legally sufficient evi-

dence of any negligence at all, and that the mere overturning of the truck and the running on the berm may as well have been due to some latent mechanical defect in the truck as to excessive speed or other negligence. If we assume, without deciding, that the evidence is legally sufficient to show that the accident was due to negligence on Broadwater's part, we think there is no evidence of any "act intentionally done in disregard of another's rights" or of "reckless indifference to consequences" with "knowledge of existing circumstances and conditions" from which Broadwater was aware "that his conduct would inevitably or probably result in injury to another." Whatever the purpose of inviting or permitting the decedent to get on the truck, it was not intent to injure him. Nor is there evidence of suicide by Broadwater.

*Judgment affirmed, with costs.*