In August 1985, Paul Salter and Vernon Evans were tried jointly on several counts of theft of property in the first degree. At trial, the State proceeded on the theory that Salter was the principal and Evans his accomplice in a theft of property from the State of Alabama. Both men were convicted, but only Evans appealed. This court reversed and rendered Evans's conviction, holding that the State had failed to prove a prima facie case against Evans, the alleged accomplice, because it presented no evidence of criminal intent on the part of Salter, the alleged principal. Evans v. State,508 So.2d 1205 (Ala.Cr.App. 1987). "If Salter committed no offense, Evans could not have been his accomplice." 508 So.2d at 1209. The Alabama Supreme Court denied certiorari on June 19, 1987.
Following our reversal of Evans's conviction, Salter, whose time to appeal had run, petitioned this court for a writ of error pursuant to § 12-22-220, Code of Alabama 1975. That section provides the following:
 "(a) A writ of error on any judgment entered in a criminal case may issue on an order to that effect by any one of the judges of the appropriate appellate court in vacation or by the appropriate appellate court in term time, addressed to the clerk of the court in which the judgment was entered, but such writ must only be granted on some error of law apparent on the record on appeal.
 "(b) On the filing of such order with the clerk of the court in which the judgment was entered, such clerk must give the party filing it a certificate of the filing thereof, make out a writ of error and a transcript of the record and proceedings had in the cause, attach his certificate and the writ of error to such transcript and deliver the same, on demand *Page 215 
to the party suing out the writ, or to his attorney."
Salter argues that because our reversal of Evans's conviction necessarily included the determination that the evidence against him (Salter) was insufficient, he is entitled to have his conviction set aside and to be discharged under the writ of error. His petition includes no transcript but requests that this court take judicial notice of the transcript used for Evans's appeal.
The State contends, first, that the writ of error has been abolished by Rule 20.4, A.R.Crim.P.Temp., or in the alternative, that the writ may be used to review only the record proper and not the transcript of evidence. Second, the State argues that according to Ex parte Busby, 275 Ala. 472,156 So.2d 158 (1963), Salter's petition is due to be denied because he did not file a separate record, suggesting that this court may not take judicial notice of the record in the Evans appeal. Third, the State maintains that, even if we were to take judicial notice of the Evans record, that transcript is not complete as to Salter because it does not contain a judgment entry against Salter, and we would, therefore, have no basis upon which to order a reversal of Salter's convictions. Finally, the State urges this court to reconsider its decision in Evans v. State and to hold that the evidence against Salter was not insufficient.
 A.
Salter filed his petition in this court on March 26, 1987. The effective date of Rule 20.4, which "displaces all post-trial remedies except post-trial motions under Temporary Rule 13 and appeal" was April 1, 1987. At the time Salter filed his petition, therefore, Rule 20, relating to post conviction remedies, had not superseded the writ of error.
 B.
Review pursuant to the writ of error is not limited to an examination of the "record proper." The writ may be granted for "some error of law apparent on the record on appeal." Ala. Code 1975, § 12-22-220(a) (emphasis added). Rule 10(c), A.R.A.P., states that "the [court reporter's] transcript of proceedings [is] included in the record on appeal."
Language in some of the older cases which restricted review on a writ of error to "a revision of the record only," seeSeitz v. State, 19 Ala. App. 498, 98 So. 321 (1923); Ex parteKnight, 61 Ala. 482, 48485 (1878), must be read in light of the fact that, prior to the adoption of the Rules of Appellate Procedure, the transcript of evidence presented at trial was not ordinarily a part of the record on appeal. See Ala. Code (1940), Tit. 15, § 365 (Recomp. 1958) ("Any question of law arising in any of the proceedings in a criminal case . . . may be reserved by the defendant . . . and if the question does not distinctly appear on the record, it must be reserved by bill of exceptions. . . .").
Formerly, the evidence adduced at trial could be presented to the reviewing court only by a bill of exceptions, or narrative summary of the pertinent testimony, which, when allowed, made "the facts there embodied . . . a part of the record."State v. Jones, 5 Ala. 666, 670 (1843).
 "A writ of error at common law, would lie only for error apparent on the record — matter of substance. Errors may have intervened in the proceedings of the court, upon matters arising incidentally in the trial of the cause, as in the admission or rejection of evidence, giving or refusing instructions to the jury. The record did not disclose such errors, and they were not, of course, examinable on a writ of error. That such matters might be placed upon the record, for the examination of the court having cognizance of the cause on error, a bill of exceptions was authorized by the statute. . . ."
Ex parte Knight, 61 Ala. at 484-85.
 "[The writ of error] reaches only errors in the record. . . . It is good for an error in the indictment, in the verdict, in the sentence, in any other part of the record . . . in short, after sentence, for whatever would have sustained the motion in arrest before. Under the common law, it is powerless to correct errors at the trial; but if the party excepts to what is there *Page 216 
done, and a statute makes the exception a part of the record, a writ of error will lie thereon." 2 Bishop's New Criminal Procedure § 1368 at 1180-81 (Underhill's 2d ed. 1913). (Emphasis added.)
The Alabama statutes authorizing a bill of exceptions in criminal cases, see Tit. 15, §§ 365 et seq., applied only toappeals and not to review by writ of error. Seitz v. State,19 Ala. App. 498 at 499, 98 So. at 321 ("The bill of exceptions accompanying the application for writ of error cannot be considered, this cause not being brought here by appeal"). Thus, a bill of exceptions, or narrative summary of the evidence, even if appended to an application for writ of error, could not be considered by the reviewing court. The court was limited to reviewing errors of law "apparent on the transcript of the record," Ala. Code, Tit. 15 § 383 (1940) (Recomp. 1958), and the "transcript of the record" did not include the evidence presented. See Ex parte Jenkins, 38 Ala. App. 117, 76 So.2d 858
(1955). A transcript of record is "a copy . . . of a record,"Black's Law Dictionary at 1669 (rev. 4th ed. 1968), and is to be distinguished from a "transcript of evidence" in that the former is a copy, or duplicate of the record proper, while the latter is a copy of the court reporter's stenographic notes of the testimony given at trial. Blair v. Greene, 246 Ala. 28, 31,18 So.2d 688, 691 (1944). In contrast, the reviewing court could consider, on appeal, all questions "apparent on the record or reserved by bill of exceptions," Ala. Code (1940), Tit. 15, § 389 (Recomp. 1958) (emphasis added), thereby allowing a review of the evidence presented at trial. Thus, to the extent that the State argues that under the prior statutes review on writ of error was confined to an examination of the record proper, it is correct.
Following the 1975 recodification of the Alabama Code, however, the phrase "error of law apparent on thetranscript of the record" found in Tit. 15, § 383, was changed to "error of law apparent on the record on appeal," see Ala. Code 1975, § 12-22-220(a) (emphasis added). Because the "record on appeal" now clearly includes the court reporter's transcript of testimony presented at trial, we are not confined, on review of a writ of error, to examination of the record proper, but may review the evidence contained in the record for an error of law apparent on the face of the record pursuant to § 12-22-220.
 C.
This court is not precluded by Ex parte Busby, 275 Ala. 472,156 So.2d 158 (1963), from reviewing the evidence presented at Salter's trial because he did not file a separate record of the proceedings. The Busby court dismissed a petition for writ of error "for failure to file the transcript of record of the proceedings held in the lower court," 275 Ala. at 472,156 So.2d at 158: "We cannot be put to guesswork in determining whether error has been committed below." Id.
In the present case, we are not "put to guesswork in determining whether error has been committed below" because the records of this court include the transcript of the proceedings of Salter's trial. Evans and Salter were tried jointly, Evans appealed to this court, the transcript of the joint trial is part of our own records, and Salter's petition requests that we take judicial notice of that record.
"It is settled, of course, that the courts, trial and appellate, take notice of their own respective records in the present litigation. . . . The principle seemingly is equally applicable to matters of record in the proceedings in other cases in the same court. . . ." McCormick on Evidence § 330 at 766 (E. Cleary 2d ed. 1972).
 "As our Supreme Court observed in Butler v. Olshan, 280 Ala. 181, 188, 191 So.2d 7, [14] (1966), an appellate court may take judicial notice of its own records in another proceeding if the following three conditions are met:
 "First, the pleading in the instant case must refer to the other proceeding; second, the other proceeding must be of record in the trial court whose decree or judgment is the basis of the instant appeal; and third, the prior proceeding must be of record in the [appellate] court in another appeal *Page 217 
[there] or be set out in the instant record." Hamm v. State, 439 So.2d 829, 831 (Ala.Cr.App. 1983). See also Ex parte Cade, 521 So.2d 85 (Ala. 1987).
All three conditions precedent to judicial notice are met here. First, both Salter's "pleading," or petition, and the Attorney General's answer refer to the Evans appeal. Second, Case No. CC-85-681-PH was of record in the Montgomery Circuit Court. Third, the appeal of Case No. CC-85-681-PH is of record in this court.
In Collar v. McMullin, 107 W. Va. 645, 150 S.E. 2 (1929), the Supreme Court of Appeals of West Virginia, faced with a petition for writ of error by a plaintiff against defendants B and C on a record made by defendant A, held that plaintiff was entitled to rely on the record in the companion case. The court observed:
 "It is urged that upon appellate proceedings a complaining party must rely upon his own bills of exceptions, and cannot rely upon the record or points of error that have been preserved only by bills of exceptions of another party to the action; . . . What is the purpose of a bill of exceptions? Its purpose as stated long ago by this court 'is to spread upon the record and preserve the facts of the case, that the party excepting may have them, and the court's action upon them, reviewed in the appellate court.'. . .
 "To require a separate bill of exceptions to be filed by plaintiff in error would be a vain and useless thing, expensive and vexatious. The purpose of the law has been fulfilled. The whole matter is before the reviewing court. Why duplicate the record on the assignments of error? 'We must not be so technical here as to defeat justice. . . .' " Collar v. McMullin, 107 W. Va. at 647, 648, 150 S.E. at 3 (citations omitted).
If we substitute the phrase "transcript of evidence" for the term "bill of exceptions" in the Collar v. McMullin opinion, the observations by the West Virginia court are even more apt today than they were in 1929 when the opinion was written. Thus, in the interest of justice, judicial economy, and following the Alabama law of judicial notice as set out inButler v. Olshan, supra, and Hamm v. State, supra, we find no impediment to relying on the transcript of evidence used for the Evans appeal in order to determine whether Salter's petition for writ of error should be granted.
 D.
Although there is no judgment entry for Salter contained in the Evans transcript, and to that extent the record is, as the Attorney General claims, "incomplete" as to Salter, there is a jury verdict pertaining to Salter contained within the record of Evans's appeal. Additionally, the State directs our attention to the following facts:
 "Evans was found guilty only under Counts 13, 14, and 15 of the indictment while the Plaintiff-In-Error [Salter] was found guilty under Counts 2, 3, 4, 5, 13, 14, and 15 of the indictment. (Record in Evans v. State, above, R.p. 2-1088 and 1126)." Answer of the State of Alabama, Defendant-In-Error, at p. 3.
Because the only difference between Counts 13, 14, and 15 (of which Evans was convicted) and Counts 2, 3, 4, and 5 (of which Salter was additionally convicted) related to thedates on which the offenses were allegedly committed, our holding in Evans v. State, 508 So.2d 1205 (Ala.Cr.App. 1987), that the prosecution presented no evidence of Salter's criminal intent applies with equal force to all counts of the indictment. Salter's conviction under additional counts, therefore, does not undermine the force of the Evans holding or preclude our review on a writ of error.
 E.
The reversal of Evans's convictions because the State presented no evidence of Salter's criminal intent necessarily mandates that Salter's petition for writ of error be granted and that Salter's conviction be reversed. The same error of law apparent on the face of the Evans record (insufficiency of the evidence to support a conviction) is apparent on the face of the record for purposes of reviewing Salter's petition. Any other result would be illogical and *Page 218 
unjust. We decline to disturb the unanimous holding of this court in Evans v. State, supra, and upon which the Alabama Supreme Court denied the writ of certiorari on June 19, 1987.
PETITION GRANTED; CONVICTION REVERSED.
All Judges concur.