## HERMAN H. FISHER *v.* THE BALTIMORE TRANSIT COMPANY

[No. 10, January Term, 1945.]

*Decided February 28, 1945.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, HENDERSON, and MARKELL, JJ.

*William O. Tydings*, with whom was *Wylie L. Ritchey* on the brief, for the appellant.

*Philip S. Ball* with whom was *John M. Butler* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This is an appeal from a judgment rendered in favor of the defendant in an action for property damage arising out of a collision between a truck and a street car. The case was tried before the Court and a jury, and the only question raised in the record is by an exception to the Court's charge.

At the conclusion of the defendant's case the trial court delivered an oral charge to the jury which covered in considerable detail the issues of negligence, contributory negligence, and the measure of damages. There then followed a conference at the bench between court and counsel, out of the hearing of the jury, and the court

amplified its charge as to the burden of proof, both as to negligence and as to contributory negligence. A further conference was had at the bench between court and counsel, and thereupon the court made an additional charge to the jury, as follows:

"Gentlemen, I will add one thing to what I have said and I do not think that it is in conflict with anything I have said before, and that is, if your minds are in even doubt on the whole evidence as to who should prevail then your verdict must be for the defendant."

Counsel for the appellant [plaintiff below] duly excepted to this last charge, stating: "I object to it primarily, by virtue of the fact that I believe that the jury will be prejudiced or will tend to be prejudiced by more than one charge based upon contributory negligence in the case."

It should be noted that the exception is not to the soundness of the added charge. Actually, the portion of the charge excepted to does not instruct upon contributory negligence, but merely states the familiar principle that the burden of proof upon the whole case does not shift, but is still upon the party holding the affirmative after all the evidence is in. See *Deeds, Stephen Digest of Evidence* (Md. Ed.), p. 475; *Meyer Motor Co. v. First National Bank,* 154 Md. 77, 81, 140 A. 34; and *Crowther v. Hirschmann,* 174 Md. 100, 109, 197 A. 868. This point was not covered in the previous instructions, and taking the charge as a whole, there is not the slightest suggestion of over-emphasis as to one side or the other.

The appellant relies upon the cases of *City & Suburban Ry. v. Clark,* 128 Md. 281, 97 A. 996, and *Pettigrew v. Barnum,* 11 Md. 434. In both these cases this Court held that it was not in error to refuse a prayer where it merely duplicates a prayer that is granted, because the repetition may mislead the jury. The cases do not hold that mere repetition constitutes reversible error. But in any event they are clearly distinguishable, because in the case at bar the additional charge was not a mere duplication.

The appellant also cites the recent cases of *Feinglos v. Weiner,* 181 Md. 38, 28 A. 2d 577, and *Brotman v. Mc-Namara,* 181 Md. 224, 29 A. 2d 264. These cases hold that the refusal to grant prayers cannot be considered, where the substance of the prayers is covered by an oral charge. In the Feinglos case, in answer to the contention that the court unduly stressed the burden which the plaintiff carried, this Court, speaking through Judge Sloan, said (page 46 of 181 Md., page 581 of 28 A. 2d) :

"We cannot put the trial judge in a straight jacket, and prescribe or adopt a formula to be used and followed by him. All that we can do is to decide whether he has properly stated the law of the case, and has fairly reviewed the evidence with the natural and logical deductions therefrom, so that the jury may have a clear view of the case, always reminding the jurors that they are the judges of the fact." See also *Larkin v. Smith,* 183 Md. 274, 37 A. 2d 340.

Rule 6 (c) of the general Rules of Practice and Procedure, part three, section III, specifically provides that "any party may object to any portion of any instruction given or to any omission therefrom or to the failure to give any instruction, stating distinctly the portion or omission or failure to instruct to which he objects and the specific grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury." Under subsection (d) the party is restricted on appeal to the particular portion, omission or failure "distinctly objected to before the jury retired." The reason for the rule is obviously to enable the trial court to correct any inadvertent error or omission in the oral charge, as well as to limit the review on appeal to those errors which are brought to the trial court's attention.

The rule necessarily contemplates that the trial judge, in an appropriate case, should have the power and the opportunity to amplify his charge, and it is not error for him to do so where, as in the case at bar, the additional charge correctly states the law and covers a point not covered in the previous instructions.

*Judgment affirmed with costs to appellee.*