### SAM PODOLSKI *v.* WILBUR BROWN SIBLEY ET AL.

[No. 685, September Term, 1970.]

*Decided August 10, 1971.*

The cause was argued before ANDERSON, ORTH and CARTER, JJ.

*George L. Huber, Jr.*, with whom were *Luke K. Burns, Jr.*, and *Arnold, Beauchemin & Huber* on the brief, for appellant.

No appearance on behalf of appellee (See footnote 6)

ORTH, J., delivered the opinion of the Court.

Sam Podolski, unhappy both on his own account and on account of Zurich Insurance Company because a jury in the Superior Court of Baltimore City declared that it was his negligent operation of a motor vehicle which caused an accident resulting in damages of $30,000 to Wilbur Brown Sibley, asks us to set aside the judgment entered on the verdict.[1] For reason he first assigns er-

---

1. Sibley was an insured workman entitled to certain benefits under the Workmen's Compensation Law which were paid by Zurich Insurance Company.

ror to the trial court's instructions to the jury "with respect to speed of [Sibley's] vehicle as an element of contributory negligence" because of the "failure to charge in accordance with Code, 1957, art. 66½, sec. 211 (e)" and the "failure to allow the jury to consider that the speed of [Sibley's] vehicle could be considered as negligence under the conditions existing even if less than the posted speed limit."

Maryland Rule 554 dealing with instructions to the jury is stated in clear terms. Section d provides that a party objecting to any portion of any instruction given, or to any omission therefrom, or to the failure to give an instruction shall before the jury retires to consider its verdict make such objection stating distinctly the portion, omission, or failure to instruct to which he objects and the ground of his objection. Section d places the duty upon a party to have his exceptions and the reasons therefor entered in the record when he has been afforded opportunity to make the objection in open court out of the hearing of the jury upon application either orally or in writing, before or after the conclusion of the charge. *Bauman v. Woodfield*, 244 Md. 207. Podolski did not fulfill his duty. He had opportunity to object to the instructions out of the presence of the jury when the court invited counsel to the bench at the conclusion of the charge. Podolski's counsel had two objections. The transcript reads:

> "MR. HUBER [Counsel for Podolski] : On behalf of the Defendant, we would respectfully take exception to that portion which reiterated the necessity of giving a signal of intention to start or back. A signal may be given by mechanical means.
> I would further take exception to the Court's failure to charge in accordance with the Defendant's requested Instruction 6.[2]
> THE COURT: Is that all?

---

2. Instruction 6 paraphrased Code, Art. 66½, § 211 (e).

MR. HUBER: That is all.
THE COURT: I will clarify that to the jury."

The court gave additional instructions regarding the law as to signals when a vehicle is to be moved, apparently to the full satisfaction of Podolski for there was no further objection regarding it before the jury retired nor is it a matter presented on this appeal. But there was no additional instruction with respect to Podolski's Instruction 6.

Section e of Rule 554 spells out the authority of the appellate court to consider errors and assignment of error in instructions. "Upon appeal a party assigning error in the instructions shall be restricted to (1) the particular portion of the instructions given or the particular omission therefrom or the particular failure to instruct distinctly objected to before the jury retired and (2) the grounds of objection distinctly stated at the time, and no other errors or assignments of error in the instructions shall be considered by the appellate court." [3] See *Barwood Inc. v. Georgi,* 253 Md. 29, 31. Podolski did object to the alleged failure to charge as requested by his Instruction 6 but there were no grounds distinctly stated in support of the request. The Court of Appeals has consistently held that mere reference to the number of an instruction which the trial court has declined or failed to grant is not a compliance with the mandatory requirement of Rule 554 d and any issue in regard to its refusal is not preserved for consideration on appeal. *Jones v. Federal Paper Bd. Co.,* 252 Md. 475, 490-491; quoting *Shafer v. Bull,* 233 Md. 68, 75. *Shafer* was recited with approval and followed in *Bauman v. Woodfield, supra.* See *Belt's Wharf v. Internat. Corp.,* 213 Md. 585.

The error now assigned concerning the failure to instruct with regard to negligence and the posted speed

---

3. Compare Rule 756 g. In criminal causes the appellate courts, either of their own motion or upon suggestion of a party, may take cognizance of and correct any plain error in the instructions, material to the rights of the accused even though such error was not objected to as required.

limit apparently stems from that portion of the court's charge in which it said: "If you find that the Plaintiff was not operating his vehicle in violation of the speed limit, then you would find no evidence of negligence." There was no objection below to this portion of the charge nor was there challenge sufficient to bring to the trial court's attention the objection now raised. It is not properly before us.

Even if instructions in accordance with Art. 66½, § 211 (e) and with regard to negligence and the posted speed limit would have been proper to be given as law applicable to the facts here and even if such instructions were not adequately covered by the instructions as a whole, see *Wilhelm v. State Traffic Comm.*, 230 Md. 91, neither of which we need decide, Podolski may not assign as error the failure to so instruct because he did not follow the mandates of Rule 554. See *Lewis v. Germantown Insurance Company*, 251 Md. 535, 536 and *Isen et ux. v. Phoenix Assurance Company of New York*, 259 Md. 564, 570.

Podolski also gives as reason to reverse the judgment that the lower court committed prejudicial error in not ordering a new trial. He moved for a new trial within 3 days of the reception of the verdict, Rule 567 a, and upon hearing the court granted his request conditionally. On 8 October 1970 it ordered: "That the Motion for New Trial is hereby granted unless the Plaintiffs, on or before ten days from date, file a Remittitur of $10,000.00 of the damages assessed by the jurors on the trial of this case." Sibley did not file the remittitur on or before 10 days from 8 October but did present it on 21 October. On 22 October the court directed that it be filed *nunc pro tunc* as of 19 October,[4] refusing to sign an order for a new trial delivered by Podolski to the court clerk on 21 October for submission to it. Judgment absolute in favor of Sibley for the sum of $20,000 with interest from 18 September 1970 and costs of suit was entered on 22

---

4. The 10th day, 18 October was a Sunday. Rule 8.

October. The same day Podolski filed a "Motion Ne Recipiatur and/or Motion to Strike Remittitur and Enter Order Granting a New Trial." Upon hearing the Motions were denied.

The trial practice of granting a new trial sought by the defendant unless the plaintiff remit a portion of the verdict which the trial court deems excessive is well established in Maryland. It is constitutional, *Turner v. Wash. Sanitary Comm.*, 221 Md. 494, 503, and although Rule 567 does not mention the matter, the statement therein of what the court may do on motion for a new trial was not intended to change the established practice, *Mezzanotte Const. Co. v. Gibons*, 219 Md. 178, 183. Podolski does not challenge the propriety of the court's action in granting a new trial unless Sibley remit. What he asserts in effect is that having granted the new trial conditionally, the grant became absolute upon the failure of Sibley to meet the condition precisely as specified. In other words Podolski feels that when the remittitur was not filed on or before 19 October the court had no further authority in the matter and was without power to direct that the order of remittitur be filed *nunc pro tunc*.

The granting or refusal of an order of remittitur is largely discretionary with the trial court. *Leizear v. Butler*, 226 Md. 171, 178 and cases cited. And, of course, it is well settled that the granting or refusal of a new trial, conditional or otherwise, is not reviewable except under extraordinary circumstances. *State, Use of Shipley v. Walker*, 230 Md. 133, 137. Moreover, the Court of Appeals has held that the plaintiff's acceptance of the lesser amount is a bar to review. *Turner v. Wash. Sanitary Comm., supra*, at 504 et seq. We do not accept Podolski's view that the lower court's discretion terminated when it signed the order of 8 October. We think it had power to extend the time designated for the filing of the remittitur and did not lose this power simply because the original time had expired. Furthermore, by its action in directing the entry of the judgment for the lesser sum it ratified and confirmed the belated filing. We note the

remarks of the trial court in disposing of the Motion Ne Recipiatur:

> "The only point I am making here is that the period of time when it was agreed upon was not regarded as an important element in the case and certainly was not in the Court's view a matter of the essence of the order." [5]

It stated that as the grant or refusal of a new trial was in its discretion, the acceptance of the order of remittitur on 22 October was also within its discretionary power and that is why it directed the filing filed *nunc pro tunc* as of 19 October, no prejudice being shown by the late filing. We agree. Podolski argued below and argues on appeal that he was prejudiced for reasons related to the limits of his liability coverage, but the record discloses no evidence offered to establish such prejudice and the point is not before us. We find, as the Court of Appeals found in *Mezzanotte Const. Co. v. Gibons, supra,* at 183, and for comparable reasons, that there is no merit in the contention as to the late filing of the remittitur. We hold that there was no abuse of discretion in the refusal of the trial court to sign the order of 22 October for the grant of a new trial.

> *Judgment affirmed, costs except those pertaining to appellee's brief to be paid by appellant; costs pertaining to appellee's brief to be paid by appellee.*[6]

---

5. The court observed that when it made known to counsel at the hearing on the original motion for a new trial that although there was no substantial error in the trial of the case which would justify the grant of a new trial, it felt that the damages awarded were excessive and should be reduced $10,000. "At the conclusion of the discussion the court inquired of counsel, as I recall it, right off hand how much time would be required by counsel to file the order of remittitur and without any extended discussion the period of ten days was agreed upon." Thereafter Podolski's attorney reduced the resolution of the matter to the written order of 8 October.

6. By order of this Court of 19 May 1971 Sibley's brief was stricken from the record as not timely filed. Maryland Rule 1030 a 2.