## THE SERGEANT COMPANY ET AL. v. RONALD W. PICKETT

[No. 172, September Term, 1977.]

*Decided July 18, 1978.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, LEVINE, ELDRIDGE, ORTH and COLE, JJ.

*James R. Eyler* for appellants.

*Thomas B. Yewell* for appellee.

LEVINE, J., delivered the opinion of the Court.

The narrow question raised in this appeal concerns the adequacy of an exception, entered pursuant to Maryland Rule 554, to a trial judge's refusal to grant a requested jury instruction submitted in the form of a written prayer. The Court of Special Appeals in an unreported opinion, *The Sergeant Company, et al. v. Ronald W. Pickett,* No. 452, September Term, 1977, decided December 27, 1977, held that the exception at issue here failed to comply with the dictates of the rule. We granted certiorari and now reverse.

The present appeal arises out of an action for breach of contract brought in the Circuit Court for Charles County by appellee Ronald W. Pickett (Pickett) against appellants, The Sergeant Company (Sergeant) and Fidelity Federal Savings & Loan Association, formerly known as Waldorf Federal Savings & Loan Association (Fidelity). In his declaration, Pickett, a builder of residential dwellings, alleged that on payment of a valid consideration, Sergeant, acting on its own behalf and as agent for Fidelity, had procured for him a commitment for a permanent mortgage loan which he had accepted. Pickett further alleged that despite this binding obligation, Fidelity and Sergeant had breached the agreement by utilizing the funds earmarked for the Pickett account to make a loan to another borrower. As a consequence, Pickett allegedly incurred various items of damage, consisting primarily of profits lost from expected house sales.

Sergeant responded with a counterclaim, seeking payment for the unpaid portion of the monies which it claimed to be owed for obtaining the loan commitment. The counterclaim alleged that Sergeant had fully performed its bargain by obtaining the commitment, thus entitling it to fees and commissions upon Pickett's acceptance of the loan. Ultimately a jury awarded Pickett a judgment of $53,450 against appellees and also found in his favor on the counterclaim.

At the conclusion of the trial, appellants submitted an

assortment of jury prayers to the court, among them their requested instruction No. 10:

"Where one party to a contract commits a breach of contract, the other party is required by the 'avoidable consequences' rule of damages to make all reasonable efforts to minimize the loss he sustains as a result of the breach, and he can charge the party in default with such damages only as, with reasonable endeavors and expense and without risk of additional substantial loss or injury, he could not prevent. M & R Contractors & Builders, Inc. v. Michael, 1958 138 A. 2d 350, 215 Md. 340."

This was not read by the trial court during the course of its ensuing charge to the jury, nor was the principle of law adverted to in the prayer otherwise included in its instructions.

At a bench conference following the charge to the jury, counsel for appellants noted several exceptions to the court's failure to include certain of the prayers which had been previously submitted.

"[Counsel for Appellants]: I would take exception to failure of the Court to instruct the jury on plaintiff's requested instruction one.

"THE COURT: Let me see it.

"I think in a general way it was covered.

"[Counsel]: And number two, I would object.

"THE COURT: I think the same thing.

"[Counsel]: Objection to proposed instruction three.

"THE COURT: I think the instructions cover it.

"[Counsel]: And number four.

"THE COURT: Same ruling.

"[Counsel]: And three.

"THE COURT: Same ruling.

"[Counsel]: Six.

"THE COURT: All right. I will give six.

"[Counsel]: *And ten, unavoidable [sic] consequences.*

"THE COURT: *I don't think it is applicable to this one.* I will give six." (emphasis added).

The refusal to grant the italicized instruction gives rise to the issue now before us.

Without reaching the contention that the trial court had erred in failing to grant the disputed prayer, the Court of Special Appeals held that the point had not been properly preserved for appellate review under sections d and e of Rule 554, "because appellants [had] not distinctly state[d] the **grounds of their objection, designating the particular portion** of the instructions given, or omitted, or objected to before the jury retired." [1] Thus, held the court, the issue was controlled by *Belt's Wharf v. Internat. Corp.,* 213 Md. 585, 591-92, 132 A. 2d 588 (1957), in which this Court rejected a contention similar to that advanced here, under the precursor to Rule 554 d and e.[2] There we had said:

"We think the reference to the instruction by number, without a statement of the specific grounds of objection distinctly stated at the time exception is taken, is not a compliance with the rules and that

---

1. In relevant part, Maryland Rule 554 d states:

"If a party has an objection to any portion of any instruction given, or to any omission therefrom, or the failure to give any instruction, he shall before the jury retires to consider its verdict make such objection stating distinctly the portion, or omission, or failure to instruct to which he objects and the ground of his objection. . . ."

Rule 554 e provides:

"Upon appeal a party in assigning error in the instructions, shall be restricted to (1) the particular portion of the instructions given or the particular omission therefrom or the particular failure to instruct distinctly objected to before the jury retired and (2) the grounds of objection distinctly stated at the time, and no other errors or assignments of error in the instructions shall be considered by the appellate court."

2. Rule 554 d then included the word "specific" immediately before 'ground of his objection."

appellant's contentions on this point may not be reviewed." 213 Md. at 592.

As an alternative contention to their argument that the alleged error in the trial court's instructions was properly preserved for appellate review even under *Belt's Wharf,* appellants urge that we now overrule that precedent.

The holding of *Belt's Wharf* has been consistently applied by this Court in subsequent cases. *See, e.g., Jones v. Federal Paper Bd. Co.,* 252 Md. 475, 490-91, 250 A. 2d 653 (1969); *Bauman v. Woodfield,* 244 Md. 207, 222, 223 A. 2d 364 (1966); *Shafer v. Bull,* 233 Md. 68, 75, 194 A. 2d 788 (1963); *see also Podolski v. Sibley,* 12 Md. App. 642, 644-45, 280 A. 2d 294 (1970). In each of these cases the exception taken consisted of nothing more than the number of a prayer previously submitted to the court. A bald reference to the written prayer by number, therefore, was held in each instance to be insufficient compliance with the requirement of Rule 554 d that the trial judge's alleged failure to give any instruction be stated "distinctly" together with the "ground" of any objection thereto.

In view of the purpose of the *Belt's Wharf* rule and the underlying rationale of Rule 554 d and e, we think that this case is distinguishable and therefore is not controlled by the relatively rigorous requirements of that decision.

The reason for Rule 554 d and e, as this Court stated in *Fisher v. Balto. Transit Co.,* 184 Md. 399, 402, 41 A. 2d 297 (1945), "is obviously to enable the trial court to correct any inadvertent error or omission in the oral charge, as well as to limit the review on appeal to those errors which are brought to the trial court's attention." In this manner, the trial judge is afforded "an opportunity to amend or supplement his charge if he deems an amendment necessary." *State v. Wooleyhan Transport Co.,* 192 Md. 686, 689-90, 65 A. 2d 321 (1949). Succinctly put, then, the rule is designed to afford the trial judge and opposing counsel ample opportunity to be informed of the nature and grounds of the exception. Indeed, no special form is required for the objection and no ground need even be stated "where the record makes clear that all parties and the court understood

the reason for the objection." *Exxon Corp. v. Kelly,* 281 Md. 689, 694 n.6, 381 A. 2d 1146 (1978).

We think that the purposes of Rule 554 d and e were adequately served by the exception taken in the present case. As the previously quoted record excerpt clearly reveals, appellants did not confine their objection to a simple reference to the prayer by number, which alone sets this case apart from the *Belt's Wharf* line of authority. Counsel mentioned "unavoidable [sic] consequences," which, when coupled with a mere cursory reading of the proffered instruction, was sufficient to identify for the trial judge the nature and ground of the objection. That the court fully comprehended the legal contention being offered by appellants and also regarded further argument unnecessary is manifest from its measured response: "I don't think it is applicable to this one." Thus, this ruling contrasts sharply with those made by the trial court in regard to the other requested instructions, all of which the court believed to be otherwise covered by its previously delivered charge.

In *Lloyd v. Yellow Cab Co.,* 220 Md. 488, 496, 154 A. 2d 906 (1959), though we were confronted with an alleged failure to preserve an exception in a slightly different context, we said:

> "Here the statement of the objection appears somewhat more informative in that it does refer in terms to the subject matter of the exception. It did serve to direct the trial judge's attention to a specific portion of the instructions, and it may be argued that implicit in the objection itself is the reason for it here asserted, that the charge omits the legal definition of the term. We do not wish to emasculate any of the provisions of Rule 554 d, nor, on the other hand, do we think that the rigor of the Rule as expounded in the *Belt's Wharf* case should be made more severe."

Thus, in the final analysis, we have allowed some "play in the joints" where Rule 554 is invoked to preclude appellate review, at least to the extent of accepting substantial compliance with those requirements. Here, further exposition

by appellants' counsel of the "ground" for the principle of law reflected by the instruction would have been both fruitless and unnecessary insofar as the rule was concerned. Once the trial court had signified that it comprehended the precise point being asserted, but nevertheless rejected it out-of-hand, the requirements of the rule had been met. At a minimum, this certainly represented substantial compliance with Rule 554 d and e, and, we hold, was therefore sufficient to preserve the issue for appellate review.[3]

Because our grant of certiorari in this case was limited to the question whether failure to give the requested instruction was properly preserved for appellate review, and since the substantive issue arising from the trial court's refusal was fully presented to the Court of Special Appeals, we shall remand the case to that court for appropriate resolution.

*Judgment of the Court of Special Appeals reversed; remanded to that court for further proceedings in conformity with this opinion; costs to be paid by appellee.*

---

[3]. The result which we reach here makes it unnecessary for us to decide appellants' alternative contention that we overrule the *Belt's Wharf* rule. Therefore, we carefully refrain from reconsidering at this time the propriety of that holding.